**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4612**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ROBERT EARL MAYS,

        Defendant - Appellant.

———————

**No. 15-4694**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

PARIS CORDAVA WILLIAMS,

        Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:15-cr-00059-F-1; 5:15-cr-00059-F-2)

———————

Submitted: January 5, 2017        Decided: February 10, 2017

———————

Before GREGORY, Chief Judge, and NIEMEYER and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

---

M. Gordon Widenhouse, Jr., RUDOLF WIDENHOUSE, Chapel Hill, North Carolina; Joshua B. Howard, GAMMON, HOWARD, ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellants.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In November 2014, Paris Cordava Williams and a coconspirator robbed a bank and then fled to a car driven by Robert Earl Mays. Police tracked the robbers to Mays' car and found Williams and the coconspirator in the trunk with the stolen money and a handgun. A grand jury then indicted Williams and Mays for bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), 2 (2012), and for being felons in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012).

Mays moved to sever his trial from Williams' trial, but the district court denied the motion. At the joint trial, both defendants moved for judgments of acquittal. The court granted Mays' motion for acquittal for the felon in possession count, but denied the motions as to all other counts.

The jury then convicted Mays and Williams of bank robbery and aiding and abetting and convicted Williams of being a felon in possession of a firearm. At sentencing, the district court enhanced Mays' sentence based on Williams' possession of a firearm under U.S. Sentencing Guidelines Manual §§ 1B1.3(a)(1)(B), 2B3.1(b)(2)(C) (2014).

On appeal, Mays and Williams challenge the denial of their motions for judgment of acquittal, and Mays separately challenges the denial of his motion to sever and his sentence. We reject each challenge and affirm.

3

We review de novo a denial of a motion for judgment of acquittal. United States v. White, 810 F.3d 212, 228 (4th Cir. 2016), cert. denied, 136 S. Ct. 1833 (2016). "The question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (internal quotation marks omitted).

Under this standard, Mays challenges his conviction for aiding and abetting bank robbery, while Williams challenges his conviction for being a felon in possession of a firearm. The evidence supports both convictions, and therefore, these claims fail.

Turning to Mays' separate arguments, we reject Mays' claim that the district court erred when it denied his motion to sever. We review a district court's denial of a motion to sever for abuse of discretion, "recognizing that there is a presumption in favor of joint trials in cases in which defendants have been indicted together." United States v. Medford, 661 F.3d 746, 753 (4th Cir. 2011). A district court may sever codefendants' trials when the joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). Even where a defendant shows the possibility of prejudice, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." Zafiro v. United States, 506 U.S. 534, 539 (1993). Mays failed to

4

show that joinder prejudiced him or that the district court's limiting instruction did not suffice. Thus, we conclude that the district court did not abuse its discretion when it denied Mays' motion to sever.

Finally, we also reject Mays' objection to the factual findings supporting his sentence. We review a sentencing court's factual findings for clear error. United States v. Flores-Alvarado, 779 F.3d 250, 254 (4th Cir. 2015). "Clear error occurs when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (internal quotation marks omitted).

Here, the alleged error concerns the district court's finding that a firearm was possessed during the robbery, thereby triggering the five-level enhancement in USSG § 2B3.1(b)(2)(C). Related to that section, USSG § 1B1.3(a)(1)(B) provides that a district court may hold a defendant accountable for his codefendant's acts if those acts occurred within the scope of joint criminal activity, furthered the criminal activity, and were reasonably foreseeable. Our review of the record shows that the district court did not clearly err in making factual findings to support the application of USSG §§ 1B1.3(a)(1)(B), 2B3.1(b)(2)(C).

Accordingly, we affirm the district court's judgments against Mays and Williams. We dispense with oral argument because the

5

facts and legal contentions are adequately presented in the materials before this court, and argument would not aid the decisional process.

AFFIRMED